UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Don Emery Wilson, ) | Criminal No.: 4:15-cr-00870-RBH-1 |
| ) | Civil Action No.: 4:17-cv-00566-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Pending before the Court is Petitioner Don Emery Wilson's ("Petitioner") *pro se* [ECF No. 60] motion to vacate, set aside, or correct sentence ("motion to vacate") pursuant to 28 U.S.C. § 2255. Also pending is Petitioner's *pro se* [ECF No. 81] motion to appoint counsel and the government's [ECF No. 70] motion to dismiss or for summary judgment.

**Procedural History and Factual Background**

Petitioner was indicted on December 8, 2015, in an eleven count count indictment. [ECF No. 3]. Counts one through five alleged health care fraud in violation of 18 U.S.C. § 1347. Count six alleged aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). Counts seven and eight alleged money laundering crimes under 18 U.S.C. 1956(a)(1)(B)(i). Counts nine, ten, and eleven alleged money laundering crimes under 18 U.S.C. § 1957.

On June 14, 2016, Petitioner signed a plea agreement wherein Petitioner agreed to plead guilty to counts four (health care fraud) and count seven (money laundering). [ECF No. 42]. Petitioner entered his guilty plea on July 25, 2016. [ECF No. 45].

A presentence investigation report ("PSR") dated October 21, 2016, and revised on November 4, 2016, was prepared by the U.S. Probation Office. The PSR found that Petitioner's

advisory guideline range was 37 to 46 months, based on a total offense level of 21 and criminal history category of I.

On February 13, 2017, Petitioner was sentenced to a 37 month term of imprisonment on counts 4 and 7, to run concurrently. [ECF No. 57]. Petitioner was also placed on supervised release for 3 years upon his release from prison and ordered to pay restitution in the amount of $348,723.53.

Judgment was entered on February 14, 2017. [ECF No. 57].

Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on March 1, 2017. [ECF No. 60]. The government filed a response to Petitioner's motion to vacate and a motion to dismiss or for summary judgment on March 21, 2017.

**Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Nonconstitutional claims may be brought pursuant to § 2255, but will not provide a basis for collateral attack unless the error involves a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct., 2235, 2240 (1979); *United States v. Morrow*, 914 F.2d 608, 613 (4th Cir. 1990).

A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (stating petitioner "cannot 'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255

2

motion'"); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009)*; Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.), cert denied, 429 U.S. 863, 97 S. Ct. 169 (1976). An exception occurs where there has been an intervening change in the law. *Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 2302 (1974). Additionally, where a defendant could have raised a claim on direct appeal but fails to do so, the claim may only be raised in a federal habeas proceeding if the defendant can show both cause for and actual prejudice from the default, *see Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or that he is actually innocent, *see Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [ ] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 F. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 F. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.' "

3

*Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Petitioner's motion to vacate alleges ineffective assistance of counsel. Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Constitution. amend VI. The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 686, (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland* that (1) his "counsel's representation fell below an objective standard of reasonableness," *id*. at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. In the context of a guilty plea, Petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id.* at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id*.


Regarding "deficient performance," a court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be deemed ineffective or deficient if he fails to raise a defense which is "very weak". *Smith v. State of South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, a court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id*. A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

## **Analysis**

Petitioner's motion to vacate does not set forth any specific grounds for relief. *See* [ECF No. 60]. In his request for relief, Petitioner simply states that he seeks relief "of the prison sentence until I may present evidence that my lawyer has been receiving since July 2016 which disputes all counts and show how the over billing occurred but my lawyer did not share any of it with The Honorable R. Bryan Harwell." *Id*. at 12. In subsequent filings, Petitioner states "I did not realize that the form I filled out was a 2255 Ineffective Counsel form." [ECF Nos. 76 and 79]. Petitioner further indicates that he did not intend to file a motion to vacate when he states "I was just requesting a delay [in reporting to a BOP facility] because I felt that the Honorable Judge R. Bryan Harwell had not seen any of the hundreds of pages Mr. Meetze was given." [ECF No. 76 at 4]. Although Petitioner

appears to indicate he did not intend to file a § 2255 motion to vacate, he has not moved to withdraw his motion.

Viewing Petitioner's filings as a whole, and construing those filings liberally, Petitioner appears to assert that he is innocent of the charges to which he pled guilty and further appears to allege ineffective assistance of counsel with regard to his guilty plea. Specifically, Petitioner alleges that he requested that his lawyer file various motions, petitions, and subpoena requests. *See* [ECF No. 76 at 2]. Petitioner claims his lawyer promised that he would receive 12 to 36 months probation and that his offense level would not exceed 15. *Id*. at 3. Petitioner claims his lawyer promised to: 1) recover Petitioner's equipment valued at $300,000.00; 2) locate the vehicles, equipment, and all contents of 1943 Boyd Road, Scranton, SC; 3) have all other counts against Petitioner dismissed as erroneous; 4) have the money laundering count restated to correct certain information; 5) that no burdens or responsibility would be placed on Chenalia H. Porter or Andrea N. Edge; and 6) that all residential properties would be removed from his case. Based on these alleged promises, and the promise of no prison time, Petitioner agreed to plead guilty. [ECF No. 79 at 8].

Petitioner's claims of unfulfilled promises and ineffective assistance of counsel with respect to his guilty plea directly contradict his sworn testimony at his guilty plea hearing. "[A] defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003). In the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn

6

statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." *See Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975) (holding that "the district court was not required to conduct an evidentiary exploration of the truth of an allegation in a § 2255 motion which amounted to no more than a bare contradiction of statements made by [the petitioner] when he pleaded guilty"); *Lasiter v. Thomas*, 89 F.3d 699, 702-03 (10th Cir. 1996) ("[The petitioner] [i]s bound by his solemn declarations in open court and his unsubstantiated efforts to refute that record [a]re not sufficient to require a hearing. This case does not involve the most extraordinary circumstances.") (internal quotation marks omitted); *Ouellette v. United States*, 862 F.2d 371, 377-78 (1st Cir. 1988) (holding that an evidentiary hearing is not required when a petitioner's uncorroborated allegations are directly contradicted by his testimony at the time of his plea colloquy); *see also Bowman*, 348 F.3d at 417 ("[W]hen a defendant says he lied at the Rule 11 colloquy, he bears a heavy burden in seeking to nullify the process."). "Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-222.

The Court conducted a proper Rule 11 colloquy and established that Petitioner's plea was knowing and voluntary. Petitioner has not shown sufficient extraordinary circumstances to overcome the hurdle created by his sworn statements under oath. Petitioner has failed to demonstrate constitutionally deficient performance by his lawyer and has also failed to demonstrate that, but for the alleged errors, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. Petitioner's motion to vacate is due to be dismissed.

7

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

### Conclusion

For the reasons stated above, the government's [ECF No. 70] motion to dismiss or for summary judgment is **GRANTED** and Petitioner's [ECF No. 60] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**. Petitioner's [ECF No. 81] motion to appoint counsel is **DENIED**.

**IT IS SO ORDERED**.

| | |
|---|---|
| May 9, 2018 | s/ R. Bryan Harwell |
| Florence, South Carolina | R. Bryan Harwell |
| | United States District Judge |